# REAL ESTATE TRUST COMPANY *v.* HALLIDAY.

### AFFIDAVIT OF DEFENSE; SUFFICIENCY.

An affidavit of defense in an action on a note, pleading as a set-off that the defendants delivered to the plaintiff property of a specified value, that he is still in possession thereof, and that, although requested by the defendants, he refuses to pay therefor, is insufficient, where it contains no allegation that the property was sold to the plaintiff, was delivered to him at his request, or converted to his use, or that he makes any claim to it, or refuses to deliver it to the defendants upon demand.

No. 3186.    Submitted March 3, 1919.    Decided March 31, 1919.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, sustaining a motion for judgment under the 73d rule.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Daniel W. Baker* and *Mr. Peyton Gordon* for the appellants:

The plea of set-off is in the nature of an account in assumpsit for money payable by the plaintiff to the defendant; for goods sold and delivered by the defendant to the said plaintiff at her request; and for money found to be due between the plaintiff and defendant on account stated between them according to the bill of particulars annexed to the plea. The bill of particulars shows certain personal property in the Real Estate Trust Company building in the possession of the plaintiff, placed in said building by the defendant, and the affidavit states that the said plaintiff is indebted to the defendant, the Real Estate Trust Company, in the sum of $7,892.22, as set out in the plea of set-off filed to said declaration by said defend-

ant, the Real Estate Trust Company which said plea of set-off
and bill of particulars attached thereto are made a part hereof
as if fully set out herein.

This makes the affidavit the same as though the words of the
plea of set-off had been repeated in the affidavit.

In *Braithwaite* v. *Akin*, 3 N. D. 365: "It asserts that what
was done in defiance of the owner's rights was in law done with
the most perfect regard for his rights; that the wrongdoer has
received the money for the owner, or that he has bought the
property from the owner at its fair value.  This fiction is in-
dulged only in the interests of the owner, and it rests upon the
receipt by the wrongdoer of benefits accruing to him from his
wrongful acts.  Where no benefits are received, the liabality
is only for the wrong.  As this right in the injured party to
turn the tort liability into a contract liability stands upon the
receipt of benefits by the wrongdoer, is it not beneath the
dignity of any tribunal to draw a distinction between the re-
ceipt of benefits in the shape of cash and the receipts of benefits
in the form of property?  In our judgment the fact that a
sale has not been made is unimportant.  Not only upon sound
principle, but also upon the foundation of strong authority, do
we establish the rule in this state that the owner of property
converted may waive the tort and sue in assumpsit for the
benefits received whenever the tort feasor receives benefits of
any kind from the wrong committed, whether by sale or by
retentions of the converted property, or in any other manner.
*Norden* v. *Jones*, 33 Wis. 604; *Stockett* v. *Watkins*, 2 Gill &
J. 342; *Hill* v. *Davis*, 3 N. H. 384; *Barker* v. *Cory*, 15 Ohio, 9;
*Berley* v. *Taylor*, 5 Hill, 583; *Terry* v. *Munger*, 121 N. Y. 161,
24 N. E. 272; *Pratt* v. *Clark*, 12 Cal. 89.   See also *Webster* v.
*Drinkwater*, 17 Am. Dec. 244."

"In this state as in a number of others the broader rule
applies that one whose goods are wrongfully taken and used by
another can sue in assumpsit for their value as if the goods
were sold and delivered."   *Bechtel* v. *Chase*, 156 Cal. 707.

In the case of *Brown Cycle Co.* v. *Brown*, 39 Or. 285, the
court held that a seller may waive the tort and express contract

and sue in assumpsit for the value of the goods in the possession of the vendee without waiting for the vendee to convert them into cash.

In *Tidewater Quarry Co.* v. *Scott,* 105 Va. 160, the court held that in an action for a liquidated demand the defendant may sue for the value of the goods belonging to him which the plaintiff has converted to his use and the defendant has a right to sue in tort or treat the conversion as a sale and bring indebitatus assumpsit for the value.

Where one has wrongfully converted the personal property of another to his own use, the injured party has the option to waive the tort and treat the party converting as having purchased the goods in question, without stipulation as to their price, and recover the market value of the goods upon an implied promise as they were reasonably worth at the time of the conversion. *Hurst* v. *C. W. Leatherlee, etc. Co.* 69 N. J. L. 509.

See also *Terry* v. *Munger,* 121 N. Y. 161; *Florida Cen. etc. Co.* v. *Scarlett,* 91 Fed. 349; *Galvin* v. *Mack Min. Co.* 14 Mont. 508; *Gordon* v. *Bruner,* 49 Mo. 570; *Whitaker* v. *Poston,* 120 Tenn. 207.

The Federal courts have refused to follow the rule of the State courts in which they are situated where the State courts have held there must be a sale. *Reynolds* v. *N. Y. Trust Co.* 188 Fed. 611.

The defendant Jordan has a right under sec. 1563 of the Code of the District of Columbia to set up as a bar the set-off of the defendant, Real Estate Trust Company, he having the right to take advantage of it. *Carson* v. *Barnes,* 1 Ala. 93; *Winston* v. *Metcalf,* 6 Ala. 756; *Curlee* v. *Ruland,* 55 Pac. 1182; *National Handle Co.* v. *Hoffman,* 120 S. W. 690; *Canfield* v. *Arnett,* 68 Pac. 784; *Sledge* v. *Swift,* 53 Ala. 110.

The affidavit of the defendants should be liberally construed so as to give them, if possible, a jury trial, and wherever a doubt exists as to the right of the plaintiff to recover, summary judgment should not be given. *Codington* v. *Standard Bank,* 40 App. D. C. 409; *Lawrence* v. *Hammond,* 4 App. D. C. 467;

*St. Clair* v. *Conlon,* 12 App. D. C. 161; *Patterson* v. *Barrie,* 30 App. D. C. 531; *Columbia Laundry Co.* v. *Ellis,* 36 App. D. C. 583.

Mr. *J. J. Darlington* for the appellee.

Mr. Chief Justice Smyth delivered the opinion of the Court:

The plaintiff, Henrietta N. Halliday, sued the defendants, Real Estate Trust Company, a corporation, and Eldridge E. Jordan, on a promissory note for $6,760.57. There was an affidavit of merit and one of defense. The plaintiff moved under the 73d rule for judgment, on the ground that the affidavit of defense was insufficient. The court sustained the motion and entered judgment in favor of the plaintiff for the amount of the note sued upon.

The affidavit of defense does not deny the execution and delivery of the note, but pleads a set-off in the sum of $7,892.22, based upon the claim that the Trust Company, for whom Jordan was surety, had paid for certain property described in the bill of particulars attached to the plea of the defendants, and delivered the same to the plaintiff; that she is still in possession of it; that although she was often requested by the plaintiff to pay for it she refuses to do so, and that the reasonable value of the goods is $7,892.22. It will be observed that there is no allegation that the goods were sold to the plaintiff, were delivered to her at her request, converted to her own use or to the use of anybody else; that she makes any claim to them, that she refuses to deliver them to the defendants upon demand, or that defendants may not have them at any time they desire to do so. It is said that the plea of set-off alleges that the goods were delivered to plaintiff at her request, but the plea is not part of the affidavit of merit by reference or otherwise. and does not help it.

In view of these circumstances we cannot conceive of any theory on which appellee should be required to pay for the goods. Appellants cite many authorities to the effect that

where a person wrongfully converts the property of another to his own use, the owner may waive the tort and sue as upon quasi contract for the value of the goods. This is generally true, but there is no allegation in the affidavit upon which a charge of conversion could be predicated. The authorities cited, therefore, are without point.

We think the judgment of the lower court is right and should be affirmed with costs.                    *Affirmed.*